IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| SHELTON FOSTER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   CASE NO. 2:15-CV-756-TFM |
| | ) |
| DENNIS MEEKS, et al., | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM OPINION AND ORDER**

### I.  INTRODUCTION

This 42 U.S.C. § 1983 action is pending before the court on a complaint and amendments thereto filed by Shelton Foster ("Foster"), a pre-trial detainee confined at the Covington County Jail, against Sheriff Dennis Meeks and Jail Administrator Preston Hughes.[1]  In the instant action, Foster challenges the opening of various pieces of mail he characterizes as "legal mail" outside of his presence.[2]

---

[1]Foster provides the title of "Chief Jailer" in identifying the position held by Preston Hughes.

[2]A review of the documents filed in this case establishes that a majority of the mail identified by Foster as "legal mail" is not, in fact, legal mail within the definition set forth by applicable federal law such that it must be opened in his presence.  *See Al-Amin v. Smith*, 511 F.3d 1317, 1327 (11th Cir. 2008) (internal quotations and citation omitted) (acknowledging that an inmate's right to have legal mail opened in his presence "extends only to attorneys representing or being asked to represent an inmate either in a criminal or civil matter."); *Taylor v. Sterrett*, 532 F.2d 462, 477 (5th Cir. 1976) (holding that "[a]llowing the inspection of incoming inmate mail from [attorneys] only in the presence of the inmate accomplishes a compromise of [the government interest in jail security and the basic prisoner interest in uninhibited communication with attorneys].").  Instead, this mail is "reading material form non-profit legal aid groups and other sources.  This mail often comes in thick packets and contains no information personal to Plaintiff or any or any of his legal pursuits.  Plaintiff also orders large amounts of religious study materials that he classifies as legal material."  Doc. No. 22 at 5 (internal paragraph numbering and citations to exhibits omitted).

The defendants filed a special report, supplemental special report and supporting evidentiary materials addressing the claims presented in the complaint, as amended.  In these filings, the defendants deny they acted in violation of Foster's constitutional rights and further argue that this case is due to be dismissed because prior to filing this cause of action Foster failed to properly exhaust an administrative remedy available to him at the Covington County Jail addressing the claims presented in the complaint.  The defendants base their exhaustion defense on Foster's failure to properly file a grievance regarding any of the claims raised in the complaint.  In support of this assertion, the defendants maintain that the alleged times of the violations referenced by Foster do not correlate with any grievance received from Foster.  In addition, the court notes that Foster's references to mail sent to which he did not receive a response are irrelevant to his exhaustion of the jail's grievance procedure regarding the opening of his incoming mail.  With respect to the October 3, 2015 grievance Foster submitted as an exhibit to the court, *see Doc. No. 26* at 8, which could relate to his claim alleging the opening of mail on October 1, 2015, the defendants argue that Foster did not file this grievance with jail personnel as it is not in his jail file nor does it contain any notation indicating receipt by jail personnel.  *Doc. No. 31* at 3.  The defendants further argue that Foster "failed to make any appeal to the Sheriff regarding legal mail [as permitted by the grievance procedure]."  *Doc. No. 22* at 8.

Upon receipt of the defendants' special report, the court issued an order providing Foster an opportunity to file a response to the report.  This order directed Foster to specifically address "the defendants' assertions that:  (1) His claims are due to be dismissed

2

because he failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a) of the Prison Litigation Reform Act ("PLRA") [prior to filing this federal civil action.]" *Doc. No. 23* at 1-2 (footnote and internal citation omitted). The order also advised Foster that his response should be supported by affidavits or statements made under penalty of perjury and/or appropriate other evidentiary materials. *Id*. at 3. The order further cautioned Foster that unless "sufficient legal cause" is shown within ten days of entry of this order "why such action should not be undertaken, . . . the court may at any time [after expiration of the time for his filing a response to the order] and without further notice to the parties (1) treat the special report and any supporting evidentiary materials as a motion to dismiss, and (2) after considering any response as allowed by this order, rule on the motion . . . in accordance with the law." *Id*. 4. On February 11, 2016, Foster filed a response and exhibits in opposition the defendants' report. *Doc. No. 26*.

Based on the plaintiff's response, the court issued an order requiring that the defendants file a supplemental special report addressing the arguments set forth by Foster and provided Foster an opportunity to file a response to the supplemental special report filed by the defendants. *Doc. No. 28*. The defendants filed their supplemental special report on April 5, 2016, in which they argue that none of Foster's arguments or exhibits demonstrate proper exhaustion of the grievance procedure available at the Covington County Jail. Foster filed no other response in opposition to the defendants' reports. Upon a thorough and exhaustive review of the record, the court finds that there is no probative

3

evidence to show Foster filed a grievance addressing the claims presented in the instant complaint before filing this civil action.

Pursuant to the orders entered in this case, the court deems it appropriate to treat the reports filed by the defendants as a motion to dismiss with respect to the exhaustion defense. Thus, this case is now pending on the defendants' motion to dismiss. *Bryant v. Rich*, 530 F.3d 1368, 1374-1375 (11th Cir. 2008) (internal quotations omitted) ("[A]n exhaustion defense . . . is not ordinarily the proper subject for a summary judgment [motion]; instead, it should be raised in a motion to dismiss, or be treated as such if raised in a motion for summary judgment."); *Trias v. Florida Dept. of Corrections*, 587 F. App'x 531, 534 (11th Cir. 2014) (holding that the district court properly construed Defendant's "motion for summary judgment as a motion to dismiss for failure to exhaust administrative remedies[.]").

## II. STANDARD OF REVIEW

In addressing the exhaustion requirement of 42 U.S.C. § 1997e(a), the Eleventh Circuit has

> recognized that "[t]he plain language of th[is] statute makes exhaustion a precondition to filing an action in federal court." *Higginbottom v. Carter*, 223 F.3d 1259, 1261 (11th Cir. 2000) (per curiam) (quoting *Freeman v. Francis*, 196 F.3d 641, 643-44 (6th Cir. 1999)). This means that "until such administrative remedies as are available are exhausted," a prisoner is precluded from filing suit in federal court. *See id*. (affirming dismissal of prisoner's civil rights suit for failure to satisfy the mandatory exhaustion requirements of the PLRA); *Harris v. Garner*, 190 F.3d 1279, 1286 (11th Cir. 1999) ("reaffirm[ing] that section 1997e(a) imposes a mandatory requirement on prisoners seeking judicial relief to exhaust their administrative remedies" before ***filing*** suit in federal court), *modified on*

>  *other grounds*, 216 F.3d 970 (11th Cir. 2000) (en banc); *Miller v. Tanner*, 196 F.3d 1190, 1193 (11th Cir. 1999) (holding that under the PLRA's amendments to § 1997e(a), "[a]n inmate incarcerated in a state prison . . . must first comply with the grievance procedures established by the state department of corrections before filing a federal lawsuit under section 1983."); *Harper v. Jenkin*, 179 F.3d 1311, 1312 (11th Cir. 1999) (per curiam) (affirming dismissal of prisoner's civil suit for failure to satisfy the mandatory exhaustion requirements of § 1997e(a)); *Alexander v. Hawk*, 159 F.3d 1321, 1328 (11th Cir. 1998) (affirming dismissal of prisoner's *Bivens* action under § 1997e(a) for failure to exhaust administrative remedies prior to filing suit in federal court).

*Leal v. Georgia Dept. of Corrections*, 254 F.3d 1276, 1279 (11th Cir. 2001) (emphasis in original).  The Eleventh Circuit further determined that "the question of exhaustion under the PLRA [is] a 'threshold matter' that [federal courts must] address before considering the merits of the case. *Chandler v. Crosby*, 379 F.3d 1278, 1286 (11th Cir. 2004).  Because exhaustion is mandated by the statute, [a federal court has] no discretion to waive this requirement.  *Alexander v. Hawk*, 159 F.3d 1321, 1325-26 (11th Cir. 1998)." *Myles v. Miami-Dade County Correctional and Rehabilitation Dept.*, 476 F. App'x 364, 366 (11th Cir. 2012).  This court must therefore "resolve this issue first." *Id*.

"When deciding whether a prisoner has exhausted his remedies, the court should first consider the plaintiff's and the defendants' versions of the facts, and if they conflict, take the plaintiff's version of the facts as true.  'If in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed.' *Turner v. Burnside*, 541 F.3d 1077, 1082 (11th Cir. 2008) (citing *Bryant,* 530 F.3d at 1373-74).  If the complaint is not subject to dismissal at this step, then the court should make 'specific findings in order to resolve the disputed factual issues related to

5

exhaustion.' *Id*. (citing *Bryant*, 530 F.3d at 1373-74, 1376)." *Myles*, 476 F. App'x at 366. Consequently, a district court "may resolve disputed factual issues where necessary to the disposition of a motion to dismiss for failure to exhaust [without a hearing]. *See* [*Turne*r, 541 F.3d at 1082]. The judge properly may consider facts outside of the pleadings to resolve a factual dispute as to exhaustion where doing so does not decide the merits, and the parties have a sufficient opportunity to develop the record. *Bryant*, 530 F.3d at 1376." *Trias*, 587 F. App'x at 535. Based on the foregoing, the Eleventh Circuit specifically rejected the argument that "disputed facts as to exhaustion should be decided by a jury" or other trier of fact after a hearing. *Id*.

After review of the complaint, the defendants' special reports, the supplemental report and evidentiary materials filed in support thereof, and the plaintiff's response, the court concludes that the defendants' motion to dismiss is due to be granted.

### III.  DISCUSSION

Foster challenges actions taken by jail personnel with respect to incoming mail he deems "legal mail" during his incarceration at the Covington County Jail in 2015. In response to the complaint, the defendants adamantly deny any violation of Foster's constitutional rights and assert that this case is subject to dismissal because Foster failed to properly exhaust the administrative remedy provided at the Covington County Jail prior to filing the instant complaint as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a).

The PLRA compels proper exhaustion of available administrative remedies before a prisoner can seek relief in federal court on a § 1983 complaint. Specifically, 42 U.S.C. § 1997e(a) states that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." "Congress has provided in § 1997(e)(a) that an inmate must exhaust irrespective of the forms of relief sought and offered through administrative remedies." *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Exhaustion of all available administrative remedies is a precondition to litigation and a federal court cannot waive the exhaustion requirement. *Booth*, 532 U.S. at 741; *Alexander v. Hawk*, 159 F.3d 1321, 1325 (11th Cir. 1998); *Woodford v. Ngo*, 548 U.S. 81, 126 S.Ct. 2378 (2006). Moreover, "the PLRA exhaustion requirement requires proper exhaustion." *Woodford*, 548 U.S. at 93, 126 S.Ct. at 2387. "Proper exhaustion demands compliance with an Agency's deadlines and other critical procedural rules [as a precondition to filing suit in federal court] because no adjudicative system can function effectively without imposing some orderly structure on the courts of its proceedings. . . . Construing § 1997e(a) to require proper exhaustion . . . fits with the general scheme of the PLRA, whereas [a contrary] interpretation [allowing an inmate to bring suit in federal court once administrative remedies are no longer available] would turn

that provision into a largely useless appendage." 548 U.S. at 90-91, 93, 126 S.Ct. at 2386-2387. The Supreme Court reasoned that because proper exhaustion of administrative remedies is necessary an inmate cannot "satisfy the Prison Litigation Reform Act's exhaustion requirement . . . by filing an untimely or otherwise procedurally defective administrative grievance or appeal[,]" or by effectively bypassing the administrative process simply by waiting until the grievance procedure is no longer available to him. 548 U.S. at 83-84, 126 S.Ct. at 2382; *Bryant*, 530 F3d at 1378 (citation omitted) ("To exhaust administrative remedies in accordance with the PLRA, prisoners must 'properly take each step within the administrative process.'"); *Johnson v. Meadows*, 418 F.3d 1152, 1157 (11th Cir. 2005) (inmate who files an untimely grievance or simply spurns the administrative process until it is no longer available fails to satisfy the exhaustion requirement of the PLRA); *Higginbottom*, 223 F.3d at 1261 (inmate's belief that administrative procedures are futile or needless does not excuse the exhaustion requirement). "The only facts pertinent to determining whether a prisoner has satisfied the PLRA's exhaustion requirement are those that existed when he filed his original complaint." *Smith v. Terry*, 491 F. App'x 81, 83 (11th Cir. 2012) (per curiam).

It is undisputed that the Covington County Jail provides an administrative remedy for inmate complaints in the form of an inmate grievance procedure. *See Doc. No. 22-6* at 2. The grievance procedure allows an inmate to submit grievances to the Jail Administrator with respect to matters/conditions occurring at the Covington County Jail. The procedure

further directs that "each grievance will receive a response." *Id*. The relevant portion of the grievance procedure provides as follows:

> Inmates must file a completed grievance form within 7 days from the date of the occurrence upon which the grievance is based.
>
> Completed grievance forms will be delivered to the Jail Administrator who will respond to the grievance.
>
> The grievance response to the inmate will be in writing.
>
> Once the grievance has been answered by the Jail Administrator a copy of the answered grievance will be made and returned to the inmate with the original grievance being placed in the Inmate's file.
>
> The decision of the Jail Administrator may be appealed to the Sheriff in writing within seventy-two hours of the receipt of the grievance decision.
>
> Whole block grievances will not be accepted or answered. All grievances <u>must</u> come from individual inmates.

*Id*.

The court has undertaken of a review of the record and finds that Foster did not submit a grievance addressing any of the claims presented to this court as permitted by the jail's grievance procedure ***prior*** to filing this cause of action. Thus, the court concludes that Foster failed to properly exhaust an administrative remedy available to him during his confinement in the Covington County Jail before seeking federal relief, a precondition to proceeding in this court on his claims. The time period afforded for utilizing the grievance procedure with respect to the claims raised by Foster has long since expired. Finally, any grievance which Foster may have filed after initiation of this federal cause of action has no bearing on his proper exhaustion of the administrative remedy provided at the Covington

County Jail. *Terry*, 491 F. App'x at 83. Foster has therefore failed to establish his proper exhaustion of the jail's inmate grievance procedure prior to filing this case and has not set forth any circumstances which justify his failure to do so.

Under the circumstances of this case, the court concludes that dismissal with prejudice is appropriate. *Bryant*, 530 F.3d at 1375 n.1 (acknowledging that where administrative remedies are clearly time barred or otherwise infeasible inmate's failure to exhaust may "correctly result in a dismissal with prejudice."); *Marsh v. Jones*, 53 F.3d 707, 710 (5th Cir. 1995) ("Without the prospect of a dismissal with prejudice, a prisoner could evade the exhaustion requirement by filing no administrative grievance or by intentionally filing an untimely one, thereby foreclosing administrative remedies and gaining access to a federal forum without exhausting administrative remedies."); *Johnson*, 418 F.3d at 1159 (relying on *Marsh* to find that inmate's civil action was subject to dismissal "for failure to exhaust administrative remedies" where he filed grievance "out-of-time and without good cause" for failing to file timely grievance); *Berry v. Kerik*, 366 F.3d 85, 88 (2nd Cir. 2004) (footnotes omitted) (indicating inmate's "federal lawsuits . . . properly dismissed with prejudice" where previously available "administrative remedies have become unavailable after prisoner had ample opportunity to use them and no special circumstances justified failure to exhaust.").

## IV.  CONCLUSION

Accordingly, it is ORDERED that:

1. The defendants' motion to dismiss is GRANTED to the extent the defendants seek dismissal of this case due to the plaintiff's failure to properly exhaust an administrative remedy previously available to him at the Covington County Jail prior to initiating this cause of action.

2. Judgment is GRANTED in favor of the defendants.

3. This case is DISMISSED with prejudice in accordance with the provisions of 42 U.S.C. § 1997e(a) for the plaintiff's failure to properly exhaust an administrative remedy before seeking relief from this court.

4. No costs are taxed herein.

A separate Final Judgment will be entered in accordance with this Memorandum Opinion and Order.

DONE this 22nd day of February, 2017.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE